FILED
U.S. DIST. COURT
BRUNSWICK DIV.
2005 JUN -7 P 2: 36
CLERK _____
S.D. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RANDY BOCKEY,

    Plaintiff,

vs.

STATE OF GEORGIA and the
GLYNN COUNTY SHERIFF'S
DEPARTMENT,

    Defendants.

CIVIL ACTION NO.: CV205-075

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at the Glynn County Detention Center in Brunswick, Georgia, has filed an action pursuant to 42 U.S.C.A. § 1983. A prisoner proceeding *in forma pauperis* in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C.A. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff generally alleges that he is being illegally detained at the Glynn County Detention Center. Plaintiff asserts that this illegal detainer is against his will and in violation of his constitutional rights.

42 U.S.C.A. § 1983 provides a remedy for violations of a person's constitutional rights by a defendant who acts under color of state law. It is not a vehicle to sue a state actor in federal court on the basis of an alleged illegal detainer. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove" the termination of the prior criminal prosecution in his favor. Heck v. Humphrey, 512 U.S. 477, 486, 114 S. Ct. 2364, 2373, 129 L. Ed.2d 383 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been

2

so invalidated is not cognizable under § 1983. Plaintiff has failed to show that his underlying criminal prosecution has been terminated in his favor. Accordingly, he cannot recover under section 1983 to the extent he alleges that he is being illegally detained.

## CONCLUSION

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1915. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C.A. §§ 1915 (e)(2)(B)(ii) and 1915A(b).

So **REPORTED** and **RECOMMENDED**, this 7th day of June, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3

# United States District Court
## Southern District of Georgia

BOCKEY                                    )

vs                                        )   CASE NUMBER  CV205-75

STATE OF GEORGIA, ET AL                   )   DIVISION     BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 6/6/05 , which is part of the official record of this case.

Date of Mailing:  6/7/05

Date of Certificate   [X] same date,   or _____

Scott L. Poff, Clerk

By: _____
Sherry Taylor, Deputy Clerk

**Name and Address**

Randy Bockey, 956579, Glynn Co. Detention Center, 1812 Newcastle Street, Brunswick, GA 31520

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate